## John H. Fowler *vs.* Frederick Perley.

A written agreement by creditors to discharge a debtor upon receipt of a certain percentage of their respective claims, without any words in the body of the agreement referring to the amount of the claims, applies only to such claims as are then actually held by the several creditors; and if a creditor adds a particular sum opposite to his name, this will not amount to a covenant that he then has or that he will procure claims to that amount.

Contract upon a written and sealed agreement, dated March 31st 1865, signed by the defendant and other creditors of the plaintiff, promising " on the receipt or tender to us of twenty per cent. of our respective claims, and reckoned on the original amounts without interest or costs, within sixty days from the date hereof " to " give to said Fowler a full and complete discharge of our respective claims with the vouchers thereof, which shall be in full settlement and satisfaction." " Said Fowler signs this obligation, and undertakes for the considerations aforesaid to pay twenty per cent. upon his original indebtedness upon the said terms." This agreement was signed and sealed by about twenty-five creditors of Fowler, each of whom put opposite to his name a certain sum in figures, and most of whom also put their residences, there being three columns, headed " Names," " Residence," and " Am'ts," respectively. The defendant's signature appeared thus : " Frederick Perley, Danvers, $1797.04," and seal.

At the trial in the superior court, before *Morton,* J., the plaintiff testified that he failed in business in New York in 1861, most of his creditors living in Massachusetts; that he came here .n the spring of 1865 for the purpose of compromising with his creditors, and brought to the defendant the composition deed declared on; that he also brought with him a schedule of his creditors, and showed it to the defendant, containing, amongst others, the name of the defendant as holding three notes, amounting together to $1170.50, and a book account, amounting to $326.54 ; that he then learned that the defendant held another note of $300 against him, and the defendant signed the agreement, and wrote the figures 1797.04 against his

signature; that he afterwards, within the sixty days, tendered to the defendant a sum sufficient to pay the twenty per cent. upon $1797.04, but the defendant refused to accept the same, on the ground that, prior to signing the above agreement, he had negotiated two of the notes, amounting together to $710, and that he had notified the plaintiff thereof at the time, but did accept the percentage upon the residue of the $1797.04. On cross-examination, the plaintiff testified, under objection from his counsel, that at the time of signing the agreement the defendant told him that one of the notes was not then in his possession, but was where he could readily obtain it, and that he was not certain as to another of them whether he had it or not, but that if he did not then have it he could and would obtain it.

The judge, upon this evidence, directed a verdict for the defendant, which was accordingly rendered; and the plaintiff alleged exceptions.

*S. B. Ives, Jr.,* for the plaintiff, cited *Fellows* v. *Stevens,* 24 Wend. 294.

*W. C. Endicott,* for the defendant.

GRAY, J. By the indenture declared upon, the defendant and other creditors of the plaintiff covenanted and agreed with him as follows: " On the receipt or tender to us of twenty per cent. of our respective claims, and reckoned on the original amounts without interest or costs, within sixty days from the date hereof, we will give to said Fowler a full and complete discharge of our respective claims with the vouchers thereof, which shall be in full settlement and satisfaction." The defendant wrote opposite his signature the amount of $1797.04. But the amounts set against the different signatures are in no way mentioned or referred to in the body of the indenture. The creditors who executed it did not covenant with the plaintiff that they then held or controlled, or would obtain or control, claims against him to any particular amount, but only that they would discharge their respective claims upon receipt or tender of twenty per cent. thereof. The evidence offered by the plaintiff at the trial showed that the defendant did not in fact own, at the time of signing the agreement, claims to the amount set against his

name, and that all the claims which he then actually held were afterwards discharged according to the agreement. As these facts are conclusive against the right of the plaintiff to maintain this action, it is unnecessary to consider the other questions argued at the bar.                    *Exceptions overruled.*